IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

RECEIVED
USDC CLERK, CHARLESTON, SC
2007 OCT -9  A 11: 07

| | |
|---|---|
| Bud Willie Lee Bell, ) | C. A. No. 2:06-2971-HFF-RSC |
| Plaintiff, ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| Commissioner of Social Security, ) | |
| Defendant. ) | |

This case is before the court pursuant to Local Rule 83.VII.02, D.S.C., concerning the disposition of Social Security cases in this District.

The pro se plaintiff, Bud Willie Lee Bell, brought this action pursuant to Section 205(g) of the Social Security Act, as amended (42 U.S.C. § 405(g)), to obtain judicial review of a final decision of the Commissioner of Social Security denying the plaintiff's claims for disability insurance benefits under Title II of the Social Security Act.

## ADMINISTRATIVE PROCEEDINGS

The plaintiff protectively filed an application for disability insurance benefits on November 21, 2002[1], alleging

---

[1] Plaintiff previously filed an application for disability insurance benefits on January 8, 1999. The claim was denied by an administrative law judge and was not appealed. On June 9, 1999, Plaintiff filed a second application for disability insurance benefits and supplemental security benefits. The claim was denied by an administrative law judge and was appealed to the Appeals Counsel which also denied benefits. Plaintiff did not appeal the decision further. In adjudicating the instant application for benefits, the administrative law judge did not reopen these previous applications for benefits, and Plaintiff has not challenged his decision not do so.
Plaintiff currently has two additional applications for

that he became disabled on November 5, 2002, due to degenerative joint disease and osteoarthritis. The application was denied initially and on reconsideration by the Social Security Administration. The plaintiff filed a request for a hearing on December 2, 2003. The administrative law judge before whom the plaintiff appeared represented by counsel, and his girlfriend, Andrea Whiten, considered the case de novo, and on August 12, 2005, found that the plaintiff was not under a disability as defined in the Social Security Act, as amended. (Tr. 11-25). The administrative law judge's opinion became the final decision of the Commissioner of Social Security when it was approved by the Appeals Council on September 8, 2006.

In making the determination that the plaintiff is not entitled to benefits, the Commissioner adopted the following findings of the administrative law judge:

> 1. On November 21, 2002, the claimant protectively filed a Title II application for a period of disability and disability insurance benefits, alleging a disability onset date of November 5, 2002.
>
> 2. The claimant met the earnings requirements of the Act at the time disability is alleged to have commenced, and he has continued to do so at least through the date of this decision.
>
> 3. The claimant is 32 years old and is therefore in the "younger person" age category. He has a "limited" education.
>
> 4. The claimant's past relevant work experience was as a grocery store bagger, and as a warp hauler, a cloth doffer, and a machine

---

benefits pending at the administrative level.

operator/forklift operator in the textile industry. His job as a grocery store bagger was unskilled, "light" to "medium" work, and his jobs as a warp hauler and a cloth doffer were unskilled, "medium" work. As a textile machine operator/forklift operator, he performed semi-skilled, heavy work

5. The claimant does not have any skills from his past work that are transferable to other jobs.

6. The claimant has not engaged in substantial gainful activity at any time since his alleged disability onset date.

7. The claimant suffers from the following medically determinable, "severe" impairments: status post left hip dislocation/deformity with a surgical pin fixation; degenerative joint disease; lumbar degenerative disc disease; fallen arches in both feet; morbid obesity; and a depressive disorder. He has no other "severe" impairments.

8. The claimant has suffered no mental or physical impairment, or combination of impairments, which meets or is medically equivalent to any of the impairments listed in Appendix 1 to Subpart P of Social Security Regulations No. 4. Although he has a depressive disorder, this impairment is not of the level of severity required to satisfy the C criteria of any Listing, including Listing 12.04. He has "mild" limitations in activities of daily living and in social functioning and "moderate" limitations in concentration, persistence, or pace. He has not experienced any extended episodes of decompensation.

9. The claimants testimony was not fully credible with respect to his symptoms, including pain, and resulting functional limitations.

10. At all pertinent times, the claimant has had a residual functional capacity for "unskilled," "sedentary" work. Due to back, leg, and hip pain, he is able to sit for about six hours, but he cannot stand and/or walk for more than a total of two hours in an eight-hour workday. He is able to lift/carry objects weighing less than ten pounds. He can never climb ladders, ropes, or scaffolds, but he can occasionally climb ramps and stairs,

and he can occasionally engage in balancing, stooping, kneeling, crouching, or crawling. He is able to perform repetitive movements with both his upper and lower extremities, including pushing and pulling. To the extent that he needs to alternate between sitting and standing, an adequate accommodation could be made during customary breaks and meal period in the course of a regular, eight-hour work day. He has no manipulative, visual, communicative, or environmental limitations. Even taking into consideration his pain and depression, he is able to understand, remember, and carry out simple instructions, and to perform simple, routine, repetitive tasks, to the extent required for the performance of unskilled work.

11. With the above-described residual functional capacity, the claimant cannot perform any of his past relevant work.

12. Given the claimant's age, education, past vocational experience, lack of transferable skills, and a residual functional capacity for "unskilled," "sedentary" work, the framework of Rule 201.25 of the Medical-Vocational Guidelines guides a conclusion that the claimant is not "disabled" within the meaning of the Social Security Act.

Tr. 23-25.

## APPLICABLE LAW AND REGULATIONS

The Social Security Act provides that disability benefits shall be available to those persons insured for benefits, who are not of retirement age, who properly apply, and who are "under a disability." 42 U.S.C. § 423(a). Disability is defined in 42 U.S.C. § 423(d)(1)(A) as:

the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can expected to result in death or which has lasted or can be expected to last for at least 12 continuous months.

To facilitate a uniform and efficient processing of disability claims, the Social Security Act has by regulation reduced the statutory definition of "disability" to a series of five sequential questions. An examiner must determine whether the claimant (1) is engaged in substantial gainful activity, (2) has a severe impairment, (3) has an impairment which equals an impairment contained in the Social Security Act listings of impairments, (4) has an impairment which prevents past relevant work, and (5) has an impairment which prevents him from doing any other work. 20 C.F.R. § 404.1520.

The scope of judicial review by the federal courts in disability cases is narrowly tailored to determine whether the findings of the Commissioner are supported by substantial evidence and whether the correct law was applied. Richardson v. Perales, 402 U.S. 389 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Consequently, the Act precludes a de novo review of the evidence and requires the court to uphold the Secretary's decision as long as it is supported by substantial evidence. See, Pyles v. Bowen, 849 F.2d 846, 848 (4th Cir. 1988) (citing Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986)). The phrase "substantial evidence" is defined as evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

In short, the only issue before the Court is whether the final decision of the Commissioner is supported by substantial evidence and proper legal standards have been applied.

## DISCUSSION

Plaintiff's pro se pleadings are somewhat confusing. In order to determine what the plaintiff's claims actually are, a review of his pleadings was undertaken and they were liberally construed as required by Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594 (1972).

In his "Statement of Claim" portion of his pro se "Non-Prisoner Complaint Form" which he used to bring this action, Plaintiff wrote: "I am a young disabled male. I have been denied my disability benefits I believe because of my age and my personal appearance. I have ample medical evidence explaining my disabling condition and yet I have still been denied. The legal basis of my claim is on a discrimination level because I'm a stocky built young man and I have been judged on my personal appearance not on my disability or medical evidence."

On January 3, 2007, the plaintiff filed a "supplement" to his complaint which consisted of a copy of a report of a CT of his lumbar spine without contrast dated October 13, 2006, an appointment reminder of the plaintiff's January 18, 2007, appointment at West Side Community Health in Anderson, South Carolina, and copies of two receipts from a CVS pharmacy for two drug prescriptions dated December 19, 2006.

The defendant answered the complaint on February 14, 2007, and filed the transcript of the administrative proceedings

including the hearing before the administrative law judge, the administrative law judge's decision, and all medical exhibits. In a brief filed on March 30, 2007, Plaintiff complained that the defendant's answer "was not an answer, it was past medical evidence which really no one has examined." Plaintiff also noted that he had seen a specialist who was presently "searching for another specialist in Greenville, SC to perform an operation on my hips... ." Plaintiff reiterated that he wants a disability determination based upon the evidence and "not what age I am, what my appearance is, or any other discriminatory factor."

The defendant filed its motion for summary judgment on May 11, 2007, in which it extensively reviewed Plaintiff's four hundred eleven (411) page administrative record and the administrative law judge's decision.

Lastly, on May 29, 2007, Plaintiff filed a brief in opposition to the defendant's brief in which he argued that the administrative law judge's decision should be reversed because it was rendered by an administrative law judge "who was a stand in for the original administrative law judge who couldn't be there." The plaintiff also argued that the administrative law judge erred in giving little weight to the opinion of Dr. Lau because he had been the plaintiff's treating physician for a short period of time. Plaintiff argued that Dr. Lau had been his doctor for four (4) months, "approximately the same amount of time it takes the medical examiner for the Social Security Administration to grant or deny disability benefits." Therefore, according to the plaintiff, the administrative law judge should not be considered

7

credible because of the short period of time he had to judge Plaintiff's case. The plaintiff also again argued that the administrative law judge found that he was not disabled because he does not look like a disabled person.

A review of the record and relevant case law reveals The administrative law judge's decision is supported by substantial evidence including the medical notes of Plaintiff's treating and examining physicians, objective medical testing, and the findings of the state agency physicians and psychologists. The decision is also supported by non-medical evidence. The court will review Plaintiff's objections in seriatim.

Initially, to the extent Plaintiff asks the court to generally review all the evidence and arrive at an independent determination of whether he is entitled to an award of benefits, the court must decline the request. The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 205(g) of the Act provides, "[t]he findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." 42 U.S.C. § 405(g). Again, substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance. Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a de novo review of the factual circumstances that substitutes the court's findings for those of the Commissioner. Vitek v. Finch, 438 F.2d 1157 (4th Cir. 1971). The court must uphold the Commissioner's decision as long as it

is supported by substantial evidence. <u>Blalock v. Richardson</u>, 483 F.2d 773, 775 (4th Cir. 1972).

Second, to the extent Plaintiff argues that new medical records show that the administrative law judge's decision should be reversed, that argument should be rejected. Plaintiff fails to show that any new or additional evidence should be considered by this court. "Reviewing courts are restricted to the administrative record in performing their limited function of determining whether the [Commissioner's] decision is supported by substantial evidence." <u>Huckabee v. Richardson</u>, 468 F.2d 1380, 1381 (4th Cir. 1972); see also 42 U.S.C. § 405(g). The exhibits submitted by Plaintiff are not part of the administrative record and thus beyond this court's scope of review.

Additionally, Plaintiff fails to show that this action should be remanded to consider newly discovered evidence. Additional evidence must meet four prerequisites before a reviewing court may remand the case to the Commissioner on the basis of newly discovered evidence. These prerequisites are as follows:

> 1. The evidence must be relevant to the determination of disability at the time the application was first filed and not merely cumulative.
>
> 2. The evidence must be material to the extent that the Commissioner's decision might reasonably have been different had the new evidence been presented.
>
> 3. There must be good cause for the claimant's failure to submit the evidence.
>
> 4. The claimant must present to the remanding court at least a general showing of the nature of

9

the new evidence. Borders v. Heckler, 777 F.2d 954 (4th Cir. 1985). Plaintiff has not shown that the records are "relevant" to the time period in question. A claimant must establish that the evidence was "relevant to the determination of disability at the time the application was first filed and not merely cumulative." Mitchell v. Schweiker, 699 F.2d 185, 188 (4th Cir. 1983). These records are not relevant as they do not relate to the period on or before the administrative law judge's decision. However, they may be considered in future applications for a disability benefits. See, 20 C.F.R. §§ 404.976(b)(1), 416.1476(b)(1).

Third, Plaintiff contends that the administrative law judge committed reversible error by discounting Dr. Lau's opinion that he was disabled. Substantial evidence supports the administrative law judge's decision, and it should therefore be affirmed.

Although it is not binding on the Commissioner, a treating physician's opinion is entitled to great weight and may be disregarded only if persuasive contradictory evidence exists to rebut it. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1988); Foster v. Heckler, 780 F.2d 1125, 1130 (4th Cir. 1986). A treating physician's opinion should be accorded great weight because "it reflects an expert judgment based on a continuing observation of the patient's condition over a prolonged period of time." Mitchell v. Schweiker, 699 F.2d 185 (4th Cir. 1983). An administrative law judge, therefore, must explain his reasons for

10

disregarding a positive opinion of a treating physician that a claimant is disabled. DeLoatche v. Heckler, 715 F.2d 148 (4th Cir. 1983).

The Commissioner is authorized to give controlling weight to the treating source's opinion if it is not inconsistent with substantial evidence in the case record and it is well supported by clinical and laboratory diagnostic techniques. 20 C.F.R. § 404.1527(d)(2). The court in Craig found by negative implication that if the physician's opinion "is not supported by clinical evidence or if it is inconsistent with other substantial evidence, it should be accorded significantly less weight." Craig, 76 F.3d at 589.

Here, after seeing the plaintiff four times over a two and one half month period, Dr. Lau, a family physician, filled out a form provided by the Plaintiff's attorney and indicated that Plaintiff was "disabled". (Tr. 259). In the same statement Dr. Lau indicated that Plaintiff could lift "no more than 25 pounds", and stand/walk for less than two hours and sit for less than one hour each in an eight-hour day. (Tr. 260). Further, although not a psychiatrist, Dr. Lau indicated that Plaintiff's mental impairment resulted in "marked" limitations on his activities of daily living, social functioning, and concentration, persistence, and pace and that he had experienced three or more episodes of decompensation. (Tr. 261).

At the same time when Dr. Lau examined Plaintiff, he found that Plaintiff was "doing fairly fine, and [that his] pain [had] been fairly stable." He also found that he was alert and in no

11

acute distress, limping at times, and able to get up from a sitting position and ambulate with minimal difficulty. He noted guarding in Plaintiff's lower back, positive bilateral straight leg raising tests, no leg muscle wasting, and normal reflexes. He diagnosed chronic hip pain and arthritis and stable depression; he continued Plaintiff's medications. Dr. Lau acknowledged his earlier statement that Plaintiff was disabled, and stated that, while Plaintiff could not "lift anything significant" or stand/walk for long periods, he could perform work that allowed him to "just work with his arms, which [had] normal strength and function." (Tr. 345).

The administrative law judge's decision to discount this opinion of disability is supported by substantial evidence. Dr. Lau's opinion of disability is not supported by his own treatment notes (Tr. 20) which report mild findings. In addition to the notes referenced above, Dr. Lau found in December 2003 that Plaintiff had full ranges of upper extremity motion and "good musculature" throughout his upper and lower extremities (Tr. 349-50). He stated that Plaintiff could flex his feet and had only a "slight" limp. He also described his symptoms as "transient" and "bearable" (Tr. 346). Dr. Lau's subsequent treatment notes from April 2004 through January 2005, also fail to support his March 2004 opinion. (Tr. 341, 343-44). Dr. Lau's opinion was inconsistent with the weight of other substantial evidence in the record.

Dr. deHoll, in January 2002, less than ten months prior to Plaintiff's alleged onset date, found that Plaintiff's hips were

12

doing "reasonably well." (Tr. 228).  Dr. deHoll found in February 2002 that, after Plaintiff was treated with shoe inserts for flat feet, he was "doing a lot better." (Tr. 228).  Additionally, in April 2002, he found that Plaintiff was doing "very, very well," working without difficulty, and exercising on a regular basis.  He also stated that Plaintiff's foot problem was under "reasonable control." (Tr. 227).

Dr. Lau's opinion was also inconsistent with the records of Dr. Campbell who found that Plaintiff's pectoralis muscles were enlarged, that he had normal bilateral grip strength, and normal back, shoulder, elbow, wrist, knee, and ankle ranges of motion, that he had normal gait, the ability to heel-toe walk, that he had normal lumbosacral disc space and vertebral height, only "somewhat shortened" right femoral neck, and a "somewhat deformed" right femoral head. (Tr. 251-57).

While Dr. Lau stated that Plaintiff had "marked" limitations on his activities of daily living, social functioning, and concentration persistence and pace, and experienced "three or more" episodes of decompensation, limitations suggesting a disabling mental impairment.  However the administrative law judge found, Dr. Lau's opinion was inconsistent with other evidence in the record. (Tr. 22).  Dr. Campbell found that Plaintiff was cooperative, well-oriented, and could perform simple math and memory exercises, (Tr. 254-57), and that he had good affect, recall, and no obvious depression or confusion. (Tr. 251-257).  The findings of Plaintiff's psychotherapists that the Plaintiff had no auditory hallucinations, could focus, was "doing

13

well," and had a GAF score of 75 are inconsistent with Dr. Lau's opinion. (Tr. 305, 307, 316, 318). Plaintiff's psychiatrist found that the plaintiff had no clinically significant mental symptoms, including no suicidal or homicidal ideation. (Tr. 326). The administrative law judge also found that Dr. Lau was not a psychiatrist, so that his opinion of Plaintiff's mental impairment was therefore entitled to little weight. (Tr. 22).

In sum, substantial evidence supports the administrative law judge's decision, and it therefore should be accepted.

Fourth, to the extent that Plaintiff complains that he was discriminated against because he does not look disabled, a review of the administrative law judge's opinion reveals no evidence whatsoever to support the plaintiff's conclusory wholly subjective opinion. He is not entitled to an award of benefits on that ground.

Fifth, to the extent Plaintiff contends that he was discriminated against because of his young age, there is likewise no evidence that age was considered inappropriately. It may be that since Plaintiff was denied benefits based upon the application of the Medical-Vocational guidelines, the "grids", 20 C.F.R. § 416.969, which legitimately do take into consideration a claimant's age as a vocational factor along with certain educational and functional capacities in determining whether someone is disabled, Plaintiff simply misunderstands the use of age in evaluating vocational capacity. Where, as here, the grids contain a rule that matches the factors in any given case, the regulation directs a finding as to disability or non-disability.

14

20 C.F.R. Part 404, Subpart P, Appendix 2, Rule 200.00(a) (1992). The administrative law judge properly applied the law to the plaintiff's case including consideration of the plaintiff's age.

Lastly, Plaintiff's contention that he is entitled to benefits because the administrative law judge who made the unfavorable decision was a substitute for another administrative law judge, and because the Commissioner had the application for only four months before he initially denied benefits, do not state claims upon which relief can be granted and should be dismissed.

## CONCLUSION

Accordingly, for the aforementioned reasons, it is recommended that the Commissioner's decision to deny benefits be upheld and this matter ended.

Respectfully submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
October 9, 2007

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).